United States District Court
Southern District of Texas
**ENTERED**
November 08, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| GARTH EUGENE KOVALEFF, § § Plaintiff. § § V. § § KILOLO KIJAKAZI, ACTING § COMMISSIONER OF THE SOCIAL § SECURITY ADMINISTRATION, § § Defendant. § | CIVIL ACTION NO: 3:21-cv-00360 |

## MEMORANDUM AND OPINION

Plaintiff Garth Eugene Kovaleff ("Kovaleff") seeks judicial review of an administrative decision denying his applications for disability insurance benefits under Title II of the Social Security Act (the "Act"). *See* Dkt. 1. Kovaleff has moved for summary judgment. *See* Dkts. 16–17. Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Commissioner"), has responded. *See* Dkt. 18. I construe the Commissioner's response as a cross-motion for summary judgment. After reviewing the briefing, the record, and the applicable law, Kovaleff's motion for summary judgment is **DENIED**, and the Commissioner's motion for summary judgment is **GRANTED**.

## BACKGROUND

Kovaleff filed an application for disability insurance benefits under Title II on September 10, 2019, alleging disability beginning on June 8, 2018. His application was denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that Kovaleff was not disabled. Kovaleff filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). *See Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Courts reviewing

the Commissioner's denial of social security disability applications limit their analysis to (1) whether the Commissioner applied the proper legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in *any* substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (cleaned up). The ALJ uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id*. Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also

helps the ALJ "determine whether the claimant is able to do his past work or other available work." *Id.*

## THE ALJ'S DECISION

The ALJ found at Step 1 that Kovaleff had not engaged in substantial gainful activity since June 8, 2018. *See* Dkt. 9-3 at 13.

The ALJ found at Step 2 that Kovaleff suffered from "the following severe impairments: Coronary Artery Disease; Status-Post Coronary Artery Bypass Procedure; Status-Post Aortic Valve Replacement; Diastolic Congestive Heart Failure; A-fibrillation; Diabetes Mellitus; and Hypertension." *Id.*

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of Step 4, the ALJ determined Kovaleff's RFC as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except that the claimant can stand and walk for a total of four hours in an eight-hour workday; frequently climb ramps and stairs; occasionally climb ladders, ropes, and scaffolds; and frequently balance, stoop, kneel, crouch, and crawl.

*Id.* at 15.

At Step 4, the ALJ found that Kovaleff is capable of performing past relevant work as a Project Director, and that such work "does not require the performance of work-related activities precluded by the claimant's residual functional capacity." *Id.* at 17. Accordingly, the ALJ found that Kovaleff is not disabled.

## DISCUSSION

This social security appeal raises two issues: (1) whether the RFC is supported by substantial evidence; and (2) whether the ALJ erred in not specifically considering Kovaleff's work history in assessing Kovaleff's credibility.

**A.    Whether the RFC is supported by substantial evidence**

Kovaleff argues the RFC is contrary to law and unsupported by substantial evidence because "[a]lthough the ALJ found Plaintiff to have 'severe' congestive heart failure, the ALJ improperly excluded the most significant functional limitations related to it in the RFC." Dkt. 17 at 10. The limitations Kovaleff believes the ALJ should have included are his "need to (1) avoid prolonged sitting, (2) stand and walk around

several times a day when sitting for a prolonged period, and (3) elevate his legs throughout the day due to his lower extremity edema." *Id.* The ALJ was certainly aware of these alleged limitations, because he observed that Kovaleff "moves around to promote circulation" and "elevates his legs two or three times a day." Dkt. 9-3 at 15. Nonetheless, the ALJ decided that these statements were "inconsistent with the objective medical evidence and other evidence." *Id.* at 16. Specifically, the ALJ found that Kovaleff's frequent car trips between California and Texas throughout 2019, coupled with his other daily activities, "are consistent with a finding that [Kovaleff] remains capable of performing work involving a reduced range of light work with postural limitations." *Id.* at 17. Additionally, the ALJ observed that Kovaleff denied chest pain and edema at his most recent visit with his cardiologist and was "doing very well." *Id.* at 16 (quotation omitted).

I am sensitive to Kovaleff's arguments that he was doing well precisely *because* he was able to elevate his legs and move around. *See* Dkt. 17 at 13 ("None of these activities are inconsistent with Plaintiff's testimony that he performs these activities *in the context of observing his limitations for sitting for prolonged periods and/or needing to elevate his legs*."). But it is not my job to reweigh or resolve conflicts in the evidence; I can only look at the record and ask if there is a "conspicuous absence of credible choices." *Ramirez*, 606 F. App'x at 777. Here, the ALJ clearly considered Kovaleff's alleged limitations but found them inconsistent with Kovaleff's other statements and the medical evidence. For example, it is not illogical for the ALJ to have discounted Kovaleff's need to elevate his legs when, despite this limitation, Kovaleff nevertheless made frequent cross-country car trips. Accordingly, I cannot say that the RFC is unsupported by substantial evidence. *See Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018) ("We will not re-weigh the evidence nor, in the event of evidentiary conflict or uncertainty, will we substitute our judgment for the Commissioner's, even if we believe the evidence weighs against the Commissioner's decision." (cleaned up)).

### B. Whether the ALJ erred in not considering Kovaleff's work history in assessing Kovaleff's credibility

Next Kovaleff argues the ALJ erred in failing to specifically consider Kovaleff's "stellar work history." Dkt. 17 at 14. In support of this point, Kovaleff cites to a Northern District of Texas case in which the district court stated that "the solid 30-year work history described in Plaintiff's brief should have been a consideration in assessing credibility." Dkt. 17 at 15 (quoting *Roberson v. Colvin*, No. 2:13-cv-197, 2015 WL 1408925, at *7 (N.D. Tex. Mar. 27, 2015)). This is a cherry-picked quotation, for the *Roberson* court went on to say:

> Credibility determinations are reserved to the Commission[er] and this Court may not reconsider those determinations de novo or substitute its judgment for the ALJ's. The fact that this Court may have come to a different conclusion than the ALJ does not invalidate the ALJ's determination that plaintiff's subjective complaints were less then credible due to the lack of objective medical evidence. Further, while it would have been better for the ALJ to acknowledge plaintiff's 30–year consistent work history, the failure to reference such in his findings does not mean he was not aware of the history. No reversible error has been shown.

2015 WL 1408925, at *8. Kovaleff's counsel's failure to represent the *Roberson* court's *entire* holding is bothersome, especially given that he was the counsel of record in *Roberson*.

Kovaleff's counsel was also the counsel of record in *Gonzalez v. Colvin*, which the Commissioner quotes for the observation that "[w]hile the Fifth Circuit has not expressly addressed whether the ALJ is required to consider a plaintiff's lengthy work history as bolstering evidence of plaintiff's credibility, some district courts in the Fifth Circuit, including in this District, have rejected imposing this requirement on the ALJ." Dkt. 18 at 8 (quoting SA-16-CA-00659, 2017 WL 2538595, at *8 (W.D. Tex. June 12, 2017)). Because the Fifth Circuit has not expressly addressed this issue, I cannot fault Kovaleff's counsel for continuing to advance the argument that an ALJ must expressly acknowledge that he considered a claimant's work history. But in the absence of any *binding* authority stating that the ALJ must specifically reference a claimant's work history in his findings, I am unwilling to fault the ALJ for not doing so. It is true that Social Security Administration regulations state that the ALJ "will

consider all of the evidence present, including information about your prior work record." 20 C.F.R. § 404.1529(c)(3). Nevertheless, the Fifth Circuit has said that the "ALJ is *not* required to mechanically follow every guiding regulatory factor in articulating reasons for denying claims or weighing credibility." *Clary v. Barnhart*, 214 F. App'x 479, 482 (5th Cir. 2007) (citing *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994)). Accordingly, I cannot say the ALJ improperly evaluated Kovaleff's credibility.[1]

## CONCLUSION

Because the ALJ's decision was supported by substantial evidence and is not contrary to law, Kovaleff's motion for summary judgment (Dkt. 16) is **DENIED**, and the Commissioner's motion for summary judgment (Dkt. 18) is **GRANTED**.

SIGNED this 8th day of November 2022.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[1] "Regardless of whether an ALJ is required to consider or give bolstering weight to a plaintiff's long or excellent work history, the ALJ was aware of the evidence of [Kovaleff's] work history, as indicated by his finding that [Kovaleff] had past relevant work as [a Project Director]. In analyzing [Kovaleff's] credibility, the ALJ does not specifically mention [Kovaleff's] prior work history, suggesting that [his] work history did [not] influence his analysis of [Kovaleff's] credibility positively or negatively." *Gonzalez*, 2017 WL 2538595, at *8.